**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**NELSON ELECTRICAL CORP.,
d/b/a Nelcorp, Respondent.**

**Docket No. 01–4175.**

United States Court of Appeals,
Second Circuit.

Nov. 15, 2002.

Jeffrey M. Hirsch, National Labor Relations Board (Arthur F. Rosenfeld, John E. Higgins, Jr., John H. Ferguson, Aileen A. Armstrong, Fred L. Cornnell, of counsel), Washington, DC, for Petitioner.

Joseph J. Steflick, Jr., Coughlin & Gerhart, LLP, Binghamton, NY, for Respondent.

Present FEINBERG, CARDAMONE and SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the application for enforcement, be, and it hereby is, GRANTED.

The NLRB petitions for enforcement of its decision of September 21, 2000, and Nelson Electrical Corp. ("Nelcorp") appeals the decision of the NLRB in part.

Following a hearing, administrative law judge ("ALJ") Steven Davis rendered a Decision, *In re Nelson Elec. Contracting Corp.*, 332 NLRB No. 17 at 3, 2000 WL

1390482 (2000) ("*Nelcorp*"). The NLRB adopted the ALJ's findings, with the exception that the NLRB found it unnecessary to decide whether foreman Winters was a supervisor, and instead assumed that he was only an agent. *Id.* at 1 & n. 4.

In his findings, the ALJ determined that Nelcorp had refused to employ union members because of their union membership, in violation of 29 U.S.C. § 158(a)(1). The ALJ also found that Nelcorp has violated 29 U.S.C. § 158(a)(1) & (3) by refusing to recall to work a former striker, David Harageones. And the ALJ rejected Nelcorp's argument that the failure to hire claims of three union members were barred by the expiration of the limitations period specified in 29 U.S.C. § 160(b).

We will not disturb the NLRB's factual findings if they are supported by substantial evidence. 29 U.S.C. § 160(f); *see also Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487–88, 71 S.Ct. 456, 95 L.Ed. 456 (1951). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). It is "more than a mere scintilla," *id.*, but "reversal based upon . . . [a] factual question will only be warranted if, after looking at the record as a whole, [the Court is] left with the impression that no rational trier of fact could reach the conclusion drawn by the Board." *NLRB v. Albany Steel*, 17 F.3d 564, 568 (2d Cir. 1994).

The NLRB's determination regarding improper motive is reviewed for whether there is substantial evidence, when the record is viewed as a whole, including the body of evidence opposed to the NLRB's view, to support the Board's finding. *Universal Camera Corp.*, 340 U.S. at 488; *NLRB v. J. Coty Messenger Serv., Inc.*, 763 F.2d 92, 96 (2d Cir.1985).

On interpretations of law, the Board "often possesses a degree of legal leeway . . . particularly where Congress likely intended an understanding of labor relations to guide the Act's application." *NLRB v. Town & Country Elec., Inc.*, 516 U.S. 85, 90, 116 S.Ct. 450, 133 L.Ed.2d 371 (1995).

■ Nelcorp argues that the NLRB failed to credit evidence that Nelcorp had, in fact, hired union members. The NLRB adopted the finding of the ALJ that there was a "difference in kind" between those union members hired by Nelcorp and those rejected, in that the union involvement of those hired was "weak, remote, and not current or active." *Nelcorp*, at 16. This finding was based upon a review of the union histories of each purported union member hired by Nelcorp. There was, therefore, substantial evidence to support the NLRB's finding that Nelcorp's hiring of union personnel did not rebut the evidence that Nelcorp discriminated against union members on the basis of their union membership.*

■ Nelcorp argues that the complaints of three union members, Herbert Spicer, Anthony Salvatore and Daniel Harageones, were barred because they were not filed within the six-month limitations period specified in 29 U.S.C. § 160(b). The parties do not dispute the relevant

---

* Because the ALJ and NLRB found failure to hire based on union membership, that there were job openings available, and that the rejected applicants were qualified for those openings, we do not reach the question urged on us by the NLRB of whether, on the authority of *FES (A Div. of Thermo Power)*, 331 NLRB No. 20 (2000), the NLRB need not show that there were open positions for which the rejected applicants were qualified to prove refusal to consider for hire. *See NLRB v. PNEU Elec., Inc.*, 309 F.3d 843, 857–58 (5th Cir.2002).

facts: Prior to the running of the limitations period, each union member had submitted an application in writing, and had repeatedly called Nelcorp to inquire regarding the status of their applications. They had been told that Nelcorp was not hiring at that time, that their application were being kept on file, that there was no need to update them, and that Nelcorp would be in touch were their services required. The NLRB adopted the finding of the ALJ that there had been no "outright rejection of employment," as required for the commencement of the limitations period. *See Great Lakes Chemical Corp. v. Local 3–724,* 298 NLRB No. 80 at 615 n. 2, 1990 WL 122414 (1990).

Whether the union members had received "clear and unequivocal" notice, *id.,* that their employment applications had been rejected which was is a question of fact. The ALJ found, and Nelcorp does not contest, that each applicant had been told that his application was still on file, and that he would be called if his services were required. A "rational trier of fact" could reach the conclusion that Nelcorp's rejection of each of their applications was equivocal. *Albany Steel,* 17 F.3d at 568. The findings of the NLRB were therefore supported by substantial evidence.

■ Nelcorp claims that the ALJ was mistaken in finding that two Nelcorp foremen, Alan Winters and William Tyler, were supervisors. The supervisory status of Tyler has no relevance to this petition, because neither the ALJ nor the NLRB made any inference based on that supervisory status. Winter's status is relevant only as to whether his awareness of applicants' union membership may be attributed to Nelcorp and his statements may be taken as evidence of anti-union animus. The NLRB rejected the ALJ's finding that Winters was a supervisor, and instead found that Winters, as an employee charged by Nelcorp with authority to deal with applicants, was an agent whose knowledge and statements regarding the hiring of union members could be attributed to Nelcorp. This conclusion was based on substantial evidence.

■ Nelcorp claims that the NLRB erred in finding that Nelcorp had failed to offer David Harageones, a former striker, his job back because he had rejected an offer by Nelcorp of unconditional employment. A striker who terminates his strike and unconditionally offers to return to work has the right to a job substantially equivalent to the one he left if one is available. *NLRB v. Koenig Iron Works,* 681 F.2d 130, 145 (2d Cir.1982). The NLRB adopted the finding of the ALJ that Nelcorp offered a job to David Harageones that was not substantially equivalent to the one he vacated, then offered to another applicant the precise job Harageones had previously held. The ALJ's finding that the job offered to David Harageones was not substantially equivalent to the one he vacated is supported by the substantial and uncontroverted evidence that the job was three and one half hours further from Harageones' home than the one he had previously held.

For the foregoing reasons, the application for enforcement is hereby GRANTED.